## Application of CAPPER.
### No. LB&W 1663.

District Court of Alaska. Third Division. Anchorage.
Jan. 28, 1948.

Edward V. Davis and William W. Renfrew, both of Anchorage, for applicant.

John S. Hellenthal, of Anchorage, for protestants.

KEHOE, District Judge.

The Benevolent and Protective Order of Keglers, Lodge No. 3, files its application herein for a Club liquor license under the provisions of Subsection (D) of Section 13 of Chapter 78 of the Session Laws of Alaska 1937, as amended, and tenders its license fee of $200, stating that it is duly incorporated under a "National Charter". Subsection (D), as amended, reads as follows: " '(D) Club Licenses: A Club License shall give to clubs, fraternal organizations, and patriotic organizations, that have a Territorial or National Charter, and which have been so incorporated for a period of two years or more, the right to sell intoxicating liquors to their members only in their club rooms. A Club License Fee is Two Hundred Dollars ($200.00). Clubs composed of members of the armed forces of the United States may be granted a license under the provisions of this Subsection irrespective of the date of their organization.' " Chapter 76, Session Laws 1939; Chapter 43, Session Laws 1943.

The City of Anchorage appears in opposition to the granting of the license.

In the hearing before this Court, it was attempted to be shown that the applicant has a National Charter as stated in its application, and is Lodge No. 3 of the Grand Lodge

of the Benevolent and Protective Order of Keglers, the latter being incorporated under the laws of the State of Washington, as received and filed in the Department of State of that State, on August 15, 1941. Applicant introduced a Certificate of Incorporation signed by the Auditor of Alaska dated May 1, 1947, certifying that the Benevolent and Protective Order of Keglers, Lodge No. 3 had on that date filed in the Office of the Auditor its Articles of Incorporation as a non-profit corporation, organized under the laws of the Territory of Alaska. A certificate was also introduced signed by the Clerk of this Court, certifying that there had been filed in his office Articles of Incorporation of Lodge No. 3 under date of January 14, 1948. The application itself was filed on the 22nd day of December, 1947.

No attempt was made to introduce at the hearing the original or a copy of the Articles of Incorporation of Lodge No. 3, but the records of this Court, of which the Court necessarily takes judicial notice, discloses that on January 14, 1948, there was filed with the Clerk of this Court Articles of Incorporation of Lodge No. 3, the preamble of which states the following: "Know All Men By These Presents: That we, the undersigned, have this day voluntarily associated ourselves together for the purpose of forming a fraternal organization composed of bowlers and devoted to the promotion and teaching of the virtues of charity, fidelity and welfare of the country, and do hereby form a social corporation under the provisions of Article Five of Chapter Eleven of the Compiled Laws of Alaska for 1933, as amended by Chapter 87 of the Session Laws for the Territory of Alaska for 1935, and Chapter 53 of the Session Laws for the Territory of Alaska for 1943 * * * "

An examination of the Articles of Incorporation of the Grand Lodge of the Benevolent and Protective Order of Keglers of America discloses that its principal place of business is Spokane, Washington, and that it was incorporated under the laws of the State of Washington. No

attempt was made to introduce testimony that the applicant, Lodge No. 3, derives its authority and powers from a corporation created by virtue of an Act of Congress of the United States. The Articles of Incorporation of Lodge No. 3, as filed in this Court, failed to disclose any connection between the Grand Lodge and Lodge No. 3, except such as may be assumed from the similarity of names of the two organizations. So far as this Court has been able to determine, the Grand Lodge is a foreign corporation. From an inspection of the records of this Court, it is without authority to do business in Alaska.

 The words "National Charter" in the Act must be taken to mean exactly what they say, especially when they are considered in connection with the only other type of charter named in the Act, to wit, a "Territorial Charter". Since a National Charter is one which is derived from the Nation by Act of Congress, the Grand Lodge of the Benevolent and Protective Order of Keglers of America does not qualify under the Act and would not qualify even if it had complied with the laws of the Territory of Alaska as a foreign corporation. A charter of a corporation consists of its Articles of Incorporation, taken in connection with the law under which it is organized. The applicant undoubtedly has a Territorial Charter, since by its terms, it is incorporated pursuant to Section 971 et seq., Compiled Laws of Alaska 1933, as amended. It has not had such charter for the period prescribed by the Act. Its license must, therefore, be denied, without prejudice, however, to its right to apply under other provisions of the Liquor Laws for a license for which it may qualify.